BUTLER, PARK, CARPENTER, AND LOOMIS,* Js.

GURDON Y. ROBERTSON *vs.* JOSEPH P. WILCOX.

The statute (Gen. Statutes, tit. 13, sec. 21,) provides that no sale or transfer by a husband of the personal property of his wife, or of his interest therein, shall be valid unless she shall join with him in a written conveyance of the same. Sundry articles of furniture belonging to a married woman, and held by her husband as a trustee for her under the statute, were in the presence and with the consent of her husband delivered to the plaintiff as security for a liability assumed by him for the husband, upon which liability the plaintiff was afterwards subjected to loss. Held that the plaintiff had a right to hold the property for the purpose for which it was pledged to him.

A pledge of property does not carry with it a title to the thing pledged. All that passes to the pledgee is the right of possession, coupled with a special interest in the property in order to protect the right.

If the plaintiff, in the case stated, should attempt to sell the property, the question would arise whether such a sale, coupled with the pledge, would not amount to a transfer of the property, and therefore be invalid under the statute; but the plaintiff would clearly have a right to hold the property without a sale.

REPLEVIN for certain household furniture taken by the defendant out of the possession of the plaintiff and claimed to be unlawfully detained by him; brought to the Superior Court in Tolland county, and tried before *Minor*, J. The defendant pleaded the general issue, with notice that he

---

*JUDGE LOOMIS of the Superior Court was called in to sit on account of the death of CHIEF JUSTICE HINMAN.

should prove that the property belonged to him as trustee of his wife.

On the trial to the jury the plaintiff claimed that the property in question was on the 25th of April, 1867, turned out and pledged to him by Mary A. Wilcox, the wife of the defendant, the defendant himself being present and consenting thereto ; the property being delivered to the plaintiff for the purpose of securing him from loss upon a certain conditional note which he gave at the time at the request of the defendant and his wife, to H. W. & C. C. Stetson, to obtain the release of the body of the defendant from attachment upon a suit brought by them against the defendant, and which note the plaintiff afterwards had to pay. The plaintiff further claimed that the defendant and his wife, at the time of pledging the property to him, put the same into his hands and possession, and that he retained possession of the property until the 26th of April, 1867, when the defendant by force took it out of his possession.

The defendant claimed that he was married to his wife since the year 1849, that all the articles of property were acquired by her since their marriage by her personal services, and that all the property therefore immediately vested in him in trust for his wife, by virtue of the statute of 1849, and that he held possession of the same in trust for her at the time the plaintiff claimed that it was pledged and delivered to him ; all of which was substantially admitted by the plaintiff.

It was admitted by the plaintiff that the wife did not join with the husband in a written conveyance of the property so delivered to the plaintiff.

The defendant claimed that the pledging of the property to the plaintiff by the defendant, or the defendant and his wife, as claimed, was a " sale or transfer" within the meaning of the statute (Gen. Statutes, tit. 13, sec. 21,) and was not valid or binding upon the defendant, because his wife did not join with him in a written conveyance of the same, and also further claimed that the wife had no right or power to pledge the property, and that the plaintiff acquired no valid title or

lien or right of possession by virtue of said turning out, and requested the court so to charge the jury. But the court instructed the jury that if they should find that the property was turned out to the plaintiff by the defendant's wife, the defendant being present and consenting and agreeing thereto, and possession was given by the defendant and his wife to the plaintiff, and maintained by the plaintiff until the same was forcibly taken from the plaintiff, the conditional note was a good consideration for such turning out and pledging of the property, and that it was not necessary that there should be a conveyance in writing in order to make such turning out and pledging and delivery of possession lawful, and that the same did not come within the letter or spirit of the statute as claimed by the defendant.

The jury returned a verdict for the plaintiff and the defendant moved for a new trial.

*West* and *Marcy*, in support of the motion.

1. The 21st section of the act concerning domestic relations (Gen. Stat., p. 304,) provides that no sale or transfer by the husband of any personal property of his wife held by him in trust, or of his interest therein, shall be valid unless the wife joins with him in a written conveyance thereof. By the 19th and 20th sections her personal property vests in him as trustee. This statute is a remedial one, intended to protect the property of the wife against her husband as well as his creditors, and to secure the same for the support of her and her children. *Sherwood* v. *Sherwood,* 32 Conn., 1, 12. As a remedial statute it should be liberally construed to accomplish the object for which it was intended.

2. The pledging or turning out the property, with delivery of possession, was a " sale or transfer" within the meaning of the statute. 1 Swift Dig., 390 ; Story on Bailments, §§ 324, 327 ; *Jarvis* v. *Rogers,* 15 Mass., 408 ; *Doane* v. *Russell,* 3 Gray, 382 ; *Badlam* v. *Tucker,* 1 Pick., 399 ; 1 Parsons on Contracts, 592, note ; *Gibson* v. *Boyd,* 1 Kerr, (N. B.,) 150.

*Sumner* and *Fairfield,* contra.

1. The transaction was not a " sale or transfer" within the meaning of the statute. 1 Parsons on Cont., 110 ; 2 id., 113 ; 3 id., 234 ; *Gibson* v. *Boyd*, 1 Kerr, (N. B.,) 150 ; 1 Bouv. Inst., 923 ; 2 Bouv. Law Dict., " Transfer" ; *Northrop* v. *Curtiss*, 5 Conn., 246 ; *Oxford Turnpike Co.* v. *Bunnell*, 6 id., 552 ; *Richmondville Manufacturing Co.* v. *Prall*, 9 id., 487 ; *Stamford Bank* v. *Ferris*, 17 id., 259 ; *Colt* v. *Ives*, 31 id., 25.

2. The defendant is estopped in the circumstances from denying the right of the plaintiff to the possession of the property.

PARK, J. The articles in question belonged to the defendant's wife, and she, with her husband's consent, delivered them to the plaintiff as collateral security for an engagement entered into by him for their benefit ; and the question is, had the plaintiff the right to retain the possession of the property, as against the defendant, when the articles were forcibly removed out of his possession.

The twenty-first section of the act with regard to the domestic relations, (Gen. Statutes, page 304,) provides that no sale or transfer by a husband, of the personal property of his wife, or of his interest therein, shall be valid, unless the wife, if living, shall join with her husband in a written conveyance of the same. No writing was given by the defendant and his wife, setting forth the contract on which the property was delivered, and the question is, was one necessary to give validity to the transaction.

It is manifest that no sale was made of the articles to the plaintiff, or of the defendant's interest therein ; and we are therefore to inquire whether a transfer of the same was made within the meaning of the statute.

A transfer is defined to be, " the act by which the owner of a thing delivers it to another person, with the intent of passing the rights he had in it to the latter." Bouvier's Law Dict.

It is not pretended that the property, or the defendant's interest therein, was directly transferred to the plaintiff, but

the claim is, that inasmuch as the property was pledged to the plaintiff, and inasmuch as a pledgee has the right under certain restrictions to sell the property pledged, if it is not redeemed according to the terms of the contract, therefore the act of the defendant and his wife in pledging the property might result in a permanent transfer of it.

This claim is based on the ground that the statute should receive a liberal construction for the protection of wives, and that such a construction requires that any disposition of the personal property of the wife, by the husband and wife, which is liable to result in depriving her of her property, or of the husband's interest therein, should be held to be a transfer, within the meaning of the statute, and consequently invalid unless made in writing.

We deem it unnecessary to determine whether this property, or the husband's interest therein, could be sold by the plaintiff under any circumstances, owing to its peculiar condition; for we are satisfied that the act of the defendant and his wife in placing the property in the hands of the plaintiff gave him a right to hold the possession of the property, whether he had all the ordinary rights of a pledgee or not.

The right of a pledgee to sell the property pledged on giving reasonable and proper notice to the pledger of the time and place of sale, depends upon circumstances. Sometimes the pledger has only a limited title to the property pledged. He may have only an interest for life, or for a term of years, or he may have simply a lien, or a right by a former pledge; still he may pledge the property to the extent of his interest. But the pledgee in all such cases has no right to sell the property on the non-fulfillment of the contract, although he may pursue the proper course for the purpose, for the pledger has no such right to confer. The pledgee must content himself in such cases with holding the possession of the property till his debt is paid, or the interest of his pledger in the property has expired. Story on Bailments, sec. 295; *Hoare* v. *Parker*, 2 T. R., 376; *Hooper* v. *Ramsbottom*, 4 Camp., 121; *McCombie* v. *Davies*, 7 East, 5.

A pledge of property does not carry with it the title to the

thing pledged. The title remains as before. All that passes to the pledgee is the right of possession, coupled with a special interest in the property, in order to protect the right. 2 Kent Com., 585; Story on Bailments, sec. 287; 2 Story Eq. Jur., sec. 1030; 1 Swift Dig., 390.

We think therefore that the delivery of the property to the plaintiff, with the right to retain the possession of it as against the defendant till the plaintiff should be saved harmless from his engagement, cannot be regarded as a transfer of the property, or of the defendant's interest therein, within the meaning of the statute.

Should the plaintiff at any time attempt to sell the property, or the defendant's interest therein, by virtue of the pledge, then the defendant and his wife can make the claim now pressed upon our consideration, that such act, coupled with the pledge, would amount to a transfer of the property, or of the husband's interest therein, within the meaning of the statute. This would be a forcible argument to show that the plaintiff derived no power from the pledge to sell the property or the defendant's interest therein. But till such time shall arrive this claim is premature and speculative.

Even in cases where the pledgee has the right to sell in case of forfeiture, until such right is exercised no transfer of the property from the pledger is effected. The pledge in such cases merely empowers the pledgee to sell in a certain event, on giving proper notice to the pledger of the time and place of sale, and apply the proceeds to the payment of his claim. But giving the power to sell, although irrevocable, does not transfer the property. It surely is not transferred to the pledgee, for the authorities all agree that the title remains with the pledger. To whom then is it transferred? It is clear that no transfer is made from the pledger till the pledgee exercises the right to sell.

A new trial is not advised.

In this opinion the other judges concurred.