E. L. CLEVELAND COMPANY *vs.* EDGAR D. CHITTENDEN.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In an action upon a note drawn by the defendant to his own order, indorsed by him in blank and delivered by him to the plaintiff for value, the complaint, after stating the execution of the note—which by reference was made part of the complaint—alleged that the note was "by the indorsement of the defendant transferred to the plaintiff." *Held* that inasmuch as such indorsement was neither restrictive, qualified, nor conditional, it was immaterial, so far as the rights of the parties as maker and holder were concerned, whether the plaintiff's ownership was derived through the medium of a special indorsement or of a blank indorsement which the plaintiff might at its pleasure transform into a special one; the distinction, if any, between the two, being purely technical and of no practical importance.
A transfer is the act by which the owner of a thing delivers it to another person, with the intent of passing his rights in it to the latter.

Argued January 28th—decided February 16th, 1909.

ACTION by the indorsee against the maker of a negotiable note, brought to and tried by the Superior Court in Fairfield

County, *Reed, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The plaintiff is the owner, for value, of a note drawn by the defendant to his own order, indorsed by the latter in blank, and delivered by him to the plaintiff. The complaint sets out the execution of the note, which is annexed as an exhibit, and then adds that it was by the indorsement of the defendant transferred to the plaintiff, that the plaintiff still owns it, and that it has not been paid. Upon the trial, which involved the determination of defenses unsuccessfully interposed, the plaintiff offered the note in evidence. It then appearing that the indorsement thereon was in blank, its reception was unsuccessfully objected to upon the ground that in that form it was inadmissible to prove the allegation of the complaint.

*John C. Chamberlain* and *Elbert O. Hull,* for the appellant (defendant).

*John W. Banks,* for the appellee (plaintiff).

Prentice, J. The defendant complains because, as he says, the complaint counts upon a special indorsement, while it was permitted to be supported by proof of a blank indorsement. This contention rests, in the first place, upon a severely literal interpretation of the complaint, and one which overlooks the fact that the note, with its indorsement thereon, was embodied in it by reference and annexation as an exhibit. Pleadings are not to be so construed under our Practice Act. *Price* v. *Bouteiller,* 79 Conn. 255, 257, 64 Atl. 277. This pleading easily yields to the reasonable construction—consistent with its manifest purpose and the ends of substantial justice—that it avers that the plaintiff became the holder of the note through its indorsement and delivery to him by the defendant, its maker, with the intention of passing the title thereto. "A transfer is defined

to be the act by which the owner of a thing delivers it to another person, with the intent of passing the rights he had in it to the latter." *Robertson* v. *Wilcox,* 36 Conn. 426, 429.

The defendant's contention also overlooks our rule that immaterial variances are to be disregarded. Practice Book (1908), p. 245, § 149. This is an action against the maker. The face of the instrument determines the extent of his obligation. The indorsement is significant only as indicating the plaintiff's right to enforce that obligation as the holder of the note, and the extent of that right; that is, whether it be unrestrictive, restrictive, qualified or conditional. General Statutes, §§ 4203–4209. The indorsement here set out was neither restrictive, qualified, nor conditional. Such being the case, it was absolutely immaterial to the creation of the relation between the defendant as the maker of the instrument and the plaintiff as its holder, to the character of that relation, and to the determination of the rights and obligations of the parties as between each other through that relation, whether the channel through which, in strict legal contemplation, the plaintiff's ownership was derived, was that of a special indorsement or a blank indorsement which the plaintiff might at his pleasure transform into a special one, or whether or not a blank indorsement had in fact been transformed into a special one. Whatever distinction could be pointed out is one which lies wholly within the domain of technics, and is of no practical importance.

There is no error.

In this opinion the other judges concurred.