MARION UTLEY *v.* MARJORY N. NOLAN

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and INGLIS, JS.

Argued January 8—decided February 26, 1948

, *Edward Seltzer,* with whom were *Joseph P. Kenny* and, on the brief, *Julius B. Schatz* and *Arthur D. Weinstein,* for the appellant (plaintiff).

*James N. Egan,* with whom, on the brief, was *James J. O'Connor,* for the appellee (defendant).

DICKENSON, J. The plaintiff sued for specific performance of an agreement claimed to have been made by the defendant to sell her property and for damages for its breach. The defendant demurred on the ground that it did not appear that she had signed any memorandum sufficient to satisfy the Statute of Frauds. The trial court sustained the demurrer and the plaintiff has appealed from the judgment resulting from her failure to plead over.

Attached to the complaint as exhibits are four written instruments which the plaintiff contends constitute an agreement of. sale. While she also claims that without these the allegations in her complaint are sufficient to withstand attack by demurrer, an examination of the pleadings indicates that the allegations so patently depend upon the exhibits for support as to make the legal effect of the exhibits determinative of the correctness of the trial court's ruling on the demurrer. See *Cleveland Co.* v. *Chittenden,* 81 Conn. 667, 668, 71 A. 935; *Klein* v. *Munson,* 111 Conn. 709, 714, 151 A. 177. The defense of the Statute of Frauds was properly raised by demurrer. *DiBlasi* v. *DiBlasi,* 114 Conn. 539, 542, 159 A. 477.

The complaint may be summarized as follows: The defendant as a devisee under her husband's will had an interest in an apartment building known as 7 May Street, Hartford. On October 16, 1946, the plaintiff deposited with John T. Dunn, Jr., a real estate broker, $1000, and received the following document (exhibit A):

"Hartford, Conn., Oct. 16, 1946.
"Received from Mrs. Marion Utley, One Thousand

and no/100 Dollars Deposit on Property #7 May St, Hartford, Conn. Sale Price $200,000.00.

"John T. Dunn, Jr.<br>By M. P."

Thereafter, Dunn got from the defendant the following document (exhibit D):

"Oct. 26, 1946<br>New Britain,<br>Conn.

"I, Marjory Nolan of the Town of New Britain, County of Hartford, and State of Conn., in consideration of one or more dollars do hereby give to John T. Dunn, Jr., of Hartford, the option of the sale of the property known as 7 May Street, Hartford, which property is now being probated and in control of the Travelers Bank and Trust Co., of Hartford, as executor, under the will of my late husband, John J. Nolan and in accordance with said will, I am the beneficiary and will be distributed to me when the probating of the estate is concluded. Said property is located on the west side of May Street, and consists of 42 apartments, 35 3-rooms, 6 2-rooms and 1 1½-rooms together with all fixtures and articles of personal property attached or used in connection with premises.

"The purchase or selling price is $200,000 subject to a 1st mortgage of approximately in the sum of $117,350 and the balance in cash.

"Mrs. Nolan reserves the right to occupy the 1st 3-room apartment available after April 1, 1947 at the prevailing rental.

"The commission to be $6,500.00. This option shall continue until 30 days after I obtain title by distribution or in the event that I arrange for the transfer directly from the executor to such customer

as J. T. Dunn, Jr., may produce then in that event he shall receive his commission as if I personally made the conveyance and said conveyance by the executor shall take place within 30 days after the order to convey has been approved by the Probate Court of Hartford.

"Marjory N. Nolan.

"In presence of
David L. Nair
Filed, May 3, 1947."

Under date of November 1, 1946, Dunn wrote the defendant as follows (exhibit B):

"Dear Mrs. Nolan:

"I submit herewith in behalf of Marion Utley of West Hartford, an offer of $200,000.00 for the apartment house building located at #7 May St., Hartford. I have $1,000.00 cash in my possession to apply on the purchase price and at the time the deed passes, cash over and above the mortgage of $117,-350.00 will be paid. In pursuance to agreement made Oct. 26th, 1946, I am submitting the offer and the said offer meets all conditions of the above mentioned agreement.

"A copy of this letter is being sent to Attorney David Nair.

"The adjustments of taxes, water, insurance, rents, etc., to be made as of date of deed.

"The purchaser understands the situation in regards to the title at this time. I will await your further advices.

"With kind personal regards, I am,

"Very truly yours,
"John T. Dunn, Jr."

Under date of November 15, 1946, Dunn again wrote the defendant, as follows (exhibit C):

"Dear Mrs. Nolan:

"I am enclosing herewith check for $1,000.00 which is the deposit I referred to in my letter to you November 1st, 1946. I spoke to Attorney David Nair about this and the title of the property is being searched now.

"I will await hearing from you as to when the transfer can be made.

"With kind personal regards, I am,

"Very truly yours,

"John T. Dunn, Jr."

"On and after" October 26, 1946, the defendant entered into a written agreement to sell the property to another person.

The plaintiff contends that these documents are related and, taken together, constitute a memorandum sufficient to satisfy the requirements of the statute. A specific claim is that they show that Dunn was the defendant's agent with power to sell her property and that the exhibits contain a sufficient memorandum of an agreement by him to sell to the plaintiff.

The plaintiff contends that exhibit D expressly authorizes Dunn to enter into a contract of sale with any purchaser who may meet its terms. Whether or not this is so, the fact remains that Dunn did not give the plaintiff a sufficient memorandum of sale under such authority. The plaintiff claims that the receipt, exhibit A, although given by Dunn before he had authority to sell, was an adequate memorandum to take the case out of the statute when he later was given such authority. A sufficient answer to this is that the receipt did not contain the name of the seller; *O'Sullivan* v. *Overton*, 56 Conn. 102, 105, 14 A. 300; state how the purchase price was to be paid; *Benton* v. *Colson*, 115 Conn. 720, 721, 161 A. 860;

or mention the reservation of an apartment in the building by the defendant. *Barrett Mfg. Co.* v. *D'Ambrosio,* 90 Conn. 192, 199, 96 A. 930. The further contention of the plaintiff is that exhibit B is a sufficient memorandum, citing *Jacobson* v. *Hendricks,* 83 Conn. 120, 126, 75 A. 85, as authority for her claim. While that case suggests that communications between the agent and his principal may be deemed to constitute a sufficient memorandum "if otherwise adequate," it held, under similar facts, that the agent's memorandum was the submission of an offer by the plaintiffs to his principals and that the agent did not attempt to exercise the power to contract. Exhibit B is not an acceptance by Dunn of the plaintiff's offer but a submission of it to the defendant. The Statute of Frauds (General Statutes § 5982) requires that the "agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith, or his agent." An "agreement" imports an acceptance of an offer. *Ocean Ins. Co.* v. *Carrington,* 3 Conn. 357, 362; *Banks* v. *Charles P. Harris Mfg. Co.,* 20 F. 667, 668; *Gibbs* v. *Peters,* 82 Cal. App. 407, 410, 255 P. 521. There must be written evidence of a complete agreement. *Santoro* v. *Mack,* 108 Conn. 683, 687, 145 A. 273. The record shows no writing evidencing such an agreement between the parties.

There is no error.

In this opinion the other judges concurred.