[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The narrow issue presented in this appeal is whether the defendant zoning board of appeals (board) had jurisdiction to entertain an appeal from a cease and desist order, issued by the code enforcement officer, which alleged a failure to timely clean up and to remove equipment used in a gravel removal operation "as required by . . . the Zoning Regulations of the Town of Weston." The court holds that the board had jurisdiction to entertain the appeal and that it erred it concluding that it did not. Accordingly the appeal is sustained. Since the parties agree, and the record reflects, that no violation of the zoning CT Page 807 regulations had occurred, the board is directed to sustain the appeal.
 I.
In 1980, John Lomazzo Sons Corporation (the corporation) entered into a stipulation with the planning and zoning commission of the town of Weston in settlement of a zoning appeal. In that appeal, the corporation sought to set aside a zoning ordinance regulating earth removal operations. In paragraph 22e of the stipulation, the corporation agreed that, with respect to a then-existing gravel removal operation on Broad Street and Weston Road, "[a]ll gravel removal operations shall cease and all related facilities and equipment shall be removed no later than five years from the date of the entry of the Stipulation for Judgment."
By letter dated March 17, 1993, addressed to John Lomazzo, the code enforcement officer stated that "John Lomazzo Sons are being charged with failure to complete, as stipulated in conditions of approval, the cleaning up and removal of all equipment used in the mining of a gravel operation located on what is made known as Crystal Lake within the time period of five years as required by State Statute and the Zoning Regulations of the Town of Weston." (Emphasis added.) In that letter, under the subheading "Action", the code enforcement officer declared that "[n]o future development permits will be issued for work associated with the unimproved lots owned by Lomazzo Sons located on the lake until all stipulated conditions of approval have been met and approved by Weston Code Enforcement Officer and the Town Engineer. Further, any conditions imposed by Weston Conservation Commission must also be met prior to the release of this order."
The plaintiff John Lomazzo as well as the "Estate of Henry Lomazzo" appealed the cease and desist order to the zoning board of appeals. By unanimous vote that board "concluded that the Cease and Desist Order issued by the Code Enforcement Officer . . . pertains to Subdivision requirements as embodied in the Court Stipulated Judgment dated June 10, 1980 over which ZBA[sic] has no power to act." The minutes of the board reflect that immediately after the vote "[t]he Chairman announced . . . that the [a]ppeal . . . is dismissed for lack of jurisdiction . . . ." The parties agree that the action taken by the board was a dismissal for lack of jurisdiction. This court CT Page 808 will "take the case as the issues were framed by the parties." Federico v. Planning Zoning Commission, 5 Conn. App. 509, 510n. 2, 500 A.2d 576 (1985).
 II. A.
General Statutes sec. 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court . . . ." "`Board' means a . . . zoning board of appeals . . . ." General Statutes sec. 8-8(a)(2). The board claims that none of the plaintiffs are aggrieved. The plaintiffs who brought this appeal are John Lomazzo in his individual capacity and John Lomazzo and Patricia Santmire, executors of the estate of Henry J. Lomazzo. The evidence is, and the court finds, that the title to the property described in the cease and desist order is held by the executors of the estate of Henry J. Lomazzo, not by virtue of a devise by operation of law upon the death of their decedent; Pollard v. Zoning Board of Appeals,186 Conn. 32, 41-42, 438 A.2d 1186 (1982); but by virtue of a quit-claim deed from three other entities.
The gist of the board's claim that the plaintiffs are not aggrieved is that the cease and desist order is so defective because, inter alia, it was not addressed to John Lomazzo in his capacity as co-executor and does not adequately identify the property, that the order is a nullity. The court disagrees. The cease and desist order was neither a pleading nor a summons and was not required to conform to the niceties of such institutions. "The general rule is well established that `where a specified mode of giving notice is prescribed by statute, that method is exclusive.' 58 Am.Jur.2d, Notice, sec. 22." Windsor Properties, Inc. v. Great Atlantic Pacific Tea Co., 35 Conn. Sup. 297, 301,408 A.2d 936 (App. Sess. 1979). But where, as here, "the form of notice is not prescribed, no particular form of words is essential in order to constitute notice . . . . [I]t is sufficient if a party is fully and fairly informed of the claim and has full opportunity to defend or to participate in the defense." 66 C.J.S., Notice, sec. 16. The cease and desist order satisfied this standard. That the order was addressed to John Lomazzo, rather than to John Lomazzo, Executor, is not fatal. An executor is a fiduciary; Ramsdell v. Union Trust Co., 202 Conn. 57,71, 519 A.2d 1185 (1987); Mathews v. Sheehan, 76 Conn. 654, 660,57 A. 694 (1904); Winchell v. Sanger, 73 Conn. 399, CT Page 809 406, 47 A. 706 (1900); and knowledge of a person as an individual also is knowledge to that person as a fiduciary; Schwarzchild v. Binsse, 170 Conn. 212, 219, 365 A.2d 1195 (1976); including as an executor. Brown Bros. v. Brown, 56 Conn. 249, 252, 14 A. 718
(1888). So too, that notice was given only to one of the executors is of no moment. "In the case of cofiduciaries notice to one is deemed notice to the other." Katz v. West Hartford,191 Conn. 594, 600, 469 A.2d 410 (1983).
The cease and desist order was issued by a person authorized to issue such orders, was official in tenor; Trichilo v. Trichilo, 190 Conn. 774, 780, 462 A.2d 1048 (1983); was directed to an owner of the property, identified, albeit vaguely, the property to which it was addressed, charged violations of zoning regulations, and threatened to withhold "future development permits . . . ." This threatened the owners' right to use their property in a manner permitted by law. "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168, 173, 592 A.2d 386 (1991). While the cease and desist order did contain inaccuracies, it was not so deficient that it may be said that the plaintiffs as executors were not aggrieved by its issuance. The dismissal of the appeal by the board left that order extant. Cf. Silverstone v. Lillie,141 Conn. 104, 107, 103 A.2d 915 (1954); Travelers Ins. Co. v. Selinger, 31 Conn. Sup. 528, 530, 324 A.2d 925 (1974). The plaintiff executors are aggrieved as the owners of the property affected by that dismissal. Winchester Woods Associates v. Planning Zoning Commission, 218 Conn. 303, 308, 592 A.2d 953
(1991); Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488,227 A.2d 91 (1967). Since the plaintiff executors are aggrieved, it is unnecessary to determine whether John Lomazzo in his individual capacity, as the person to whom the cease and desist order was addressed, also is aggrieved. DeRito v. Zoning Board of Appeals, 18 Conn. App. 99, 103, 556 A.2d 632 (1989).
 B.
One other preliminary jurisdictional issue must be addressed before turning to the merits of this appeal. In the court's file is a motion to dismiss filed by the defendant board. The motion has not previously been acted on. A motion to dismiss contests the jurisdiction of the court. Practice Book sec. 142. "Whenever the absence of jurisdiction of the court is brought to its CT Page 810 attention, the matter must be decided before any further action is taken." East Side Civic Assn. v. Planning Zoning Commission,161 Conn. 558, 559, 290 A.2d 348 (1971). The basis of the board's motion to dismiss the appeal is "the failure of the plaintiff to name the town clerk of Weston in the citation."
General Statutes sec. 8-8(e) provides that "[s]ervice of legal process for an appeal [from, inter alia, a decision of a zoning board of appeals] . . . shall be directed to a proper officer and shall be made by leaving with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal." (Emphasis added.) This provision of General Statutes sec. 8-8 was part of a general revision of that statute undertaken in the wake of the Supreme Court's decisions in Simko v. Zoning Board of Appeals, 205 Conn. 413,533 A.2d 879 (1987) (Simko I), and Simko v. Zoning Board of Appeals,206 Conn. 374, 538 A.2d 202 (1988) (Simko II). In those cases, the Supreme Court held that under General Statutes sec. 8-8, as it then existed, the clerk of a municipality was a necessary party to the proper institution of a zoning appeal, the failure to cite and serve the clerk was held to be a jurisdictional defect. "Shortly after Simko II, the General Assembly effectively overruled Simko I and Simko II by Public Acts 1988, No. 88-79, sec. 1, effective April 20, 1988." Demar v. Open Space 
Conservation Commission, 211 Conn. 416, 422, 559 A.2d 1103
(1989). That legislation amended General Statutes sec. 8-8 to add the italicized provision quoted supra. Subsequent to the enactment of Public Acts 1988, No. 88-79, the Supreme Court held that where a plaintiff, in a zoning appeal, fails to cite the chairman or clerk of commission, but the sheriff nonetheless serves the chairman and the commission is cited as a party, there is no jurisdictional defect. Ilvento v. Frattali, 210 Conn. 432,555 A.2d 985 (1989). "The legislature, when it enacted Public Acts 1988, No. 88-79, in response to [the] decisions in [Simko I and Simko II] clearly expressed its intention that appeals from the decisions of planning and zoning commissions be heard and decided on their merits and not be invalidated for technical defects in service." Id., 434. In this case, the board was cited as a party and the sheriff was directed to serve the chairman or clerk of the board, albeit not the clerk of the municipality. CT Page 811 Nonetheless, the sheriff did serve the clerk of the municipality and the board timely filed an appearance in this matter. "[T]he citation and service in this case substantially complied with [sec. 8-8(b)] and were sufficient to ensure that the [board] received adequate notice of the plaintiffs' appeal." Ibid. Therefore, there is no jurisdictional defect and the board's motion to dismiss is denied.
 III.
Turning to the merits of the appeal, the Supreme Court has implicitly held that the settled principles of subject matter jurisdiction applicable to courts of law also apply to administrative agencies. Castro v. Viera, 207 Conn. 420,427-428, 541, A.2d 1216 (1988). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co., 1[8]3 Conn. 108, 111-12, 438 A.2d 834 (1981). A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. [citations omitted.] In speaking of courts of lesser jurisdiction, we have said: it is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) Id., 427-428.
A zoning board of appeals derives its authority from General Statutes sec. 8-6. That statute provides in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter [124] or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ."
"A finding of jurisdiction is not a matter within the discretion of a court but a legal determination to be reached upon the facts and the pleadings." Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth, Inc., 180 Conn. 223, 230,429 A.2d 486 (1980)(Loiselle, J., concurring). That is, "certain jurisdictional facts are essential to establish the statutory CT Page 812 jurisdiction of tribunals of limited authority. The existence of these facts `is fundamental to the power to entertain and adjudicate a proceeding on the merits. In short, such facts condition the power to act.' Castro v. Viera, supra, 434." Stern v. Medical Examining Board, 208 Conn. 492, 502, 545 A.2d 1080
(1988). In a proceeding before an administrative agency, these jurisdictional facts generally are contained in the pleadings or, given the informal nature of proceedings before such agencies; McMahon v. Board of Zoning Appeals, 140 Conn. 433, 435,101 A.2d 284 (1953); Saporiti v. Zoning Board of Appeals, 137 Conn. 478,482, 78 A.2d 741 (1951); in documents which are the functional equivalent of pleadings. See Stern v. Medical Examining Board, supra.
Here, that document is the appeal to the board which is contained in an official form of the board entitled "APPEAL FROM ORDER OR ACTION." The first page of that form contains the following instruction: "Based on the Order or Action, a copy of which is included with this Appeal form, state precisely the nature of your Appeal including reasons and any other pertinent information in support of your Appeal." An accompanying document entitled "Procedure and Requirements for Appeal from Order or Action" states: "APPEAL FORM MUST BE ACCOMPANIED BY THE FOLLOWING . . . Copy of original ORDER showing date and person and/or agency issuing same." Although the code enforcement officer's cease and desist order is not physically attached to the copy of the appeal in the record filed with the court by the board, that order is referred to in the plaintiff's reasons of appeal attached to the form and in fact accompanied the appeal according to a letter, also in the record, of the plaintiffs' attorney transmitting the appeal to the board. In such circumstances, in determining whether jurisdictional facts are adequately stated it is appropriate to consider the accompanying cease and desist order together with the appeal. Utley v. Nolan,134 Conn. 376, 377, 58 A.2d 9 (1948); Cleveland Co. v. Chittenden, 81 Conn. 667, 668, 71 A. 935 (1909).
The cease and desist order alleged, inter alia, a "failure to complete, as stipulated in conditions of approval, the cleaning up and removal of all equipment used in the mining of a gravel operation . . . within the time period of five years as required by State Statute and the Zoning Regulations of the Town of Weston." (Emphasis added.) While the code enforcement officer did not cite any specific section of the zoning regulations which were violated, nothing in the regulations or in the general CT Page 813 statutes required him to do so. Cf. Collins v. West Haven,210 Conn. 423, 431, 555 A.2d 981 (1989) (statutorily required notice of claim for "heart and hypertension" benefits need not state the statute, General Statutes sec. 7-433c, on which the claim is based). As observed supra, proceedings and procedures before zoning authorities are informal. McCrann v. Town Plan Zoning Commission, 161 Conn. 65, 77, 282 A.2d 900 (1971); McMahon v. Board of Zoning Appeals, supra; Saporiti v. Zoning Board of Appeals, supra. Since the appeal to the board alleged that there was error in an order made by the official charged with enforcement of the zoning regulations, the board had jurisdiction over the appeal pursuant to General Statutes sec. 8-6(1).
This is so despite the board's position now that there indeed was no violation of the zoning regulations. "`In determining whether a [tribunal] lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case.'" Isaac v. Mount Sinai Hospital, 210 Conn. 721, 732, 557 A.2d 116
(1989). "The issue before the [board] was not whether the plaintiff's claims would be successful but whether the [board] could properly hear those claims." Davis v. Board of Education,3 Conn. App. 317, 321, 487 A.2d 1114 (1985). Were the rule otherwise, a recipient of a cease and desist order or a person aggrieved by such an order, bound as he is to exhaust his administrative remedies by appealing to the zoning board of appeals all orders which fall within the ambit of General Statutes sec. 8-6(1); Conto v. Zoning Commission, 186 Conn. 106, 114,439 A.2d 441 (1982); Country Lands, Inc. v. Swinnerton, 151 Conn. 27,33, 193 A.2d 483 (1963); Greenwich v. Kristoff, 2 Conn. App. 515,519, 481 A.2d 77 (1984), cert. denied, 194 Conn. 808,483 A.2d 275 (1984); would be placed in the precarious position of having to successfully predict whether he would prevail before that board before he appealed to it or risk being foreclosed from ever contesting the order. Greenwich v. Kristoff, 180 Conn. 575,578-579, 430 A.2d 1294 (1980); Greenwich v. Kristoff, 2 Conn. App. 515,519-520, 481 A.2d 77 (1984), cert. denied, 194 Conn. 807,483 A.2d 275 (1984); but see Cummings v. Tripp, 204 Conn. 67,76-79, 527 A.2d 230 (1987); Bianco v. Darien, 157 Conn. 548,554-555, 254 A.2d 898 (1969).
 IV.
Ordinarily, "`the court upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the appeal CT Page 814 taken from its action. For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority.' Bogue v. Zoning Board of Appeals, 165 Conn. 749,753-54, 345 A.2d 9 (1974); Guerriero v. Galasso, 144 Conn. 600,608, 136 A.2d 497 (1957); Watson v. Howard, [138 Conn. 464,470, 86 A.2d 67 (1952)]." Thorne v. Zoning Commission, 178 Conn. 198,206, 423 A.2d 861 (1979). However, "[w]hen, on a zoning appeal, it appears that as a matter or law there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires." Ibid.
Since the record reflects, and the board concedes, that no zoning regulations in fact were violated by the acts and omissions which were the subject of the code enforcement officer's cease and desist order, the appeal is sustained and the board is dire to sustain the appeal that was filed with it.
Bruce L. Levin Judge of the Superior Court