[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The plaintiff, Quaix Inc., instituted this action against the defendants, Bryan Noushin as Trustee (Trustee), and Bryan Noushin in his individual capacity, to recover the balance of monies allegedly owed to it under a home improvement contract. In a fourteen count amended complaint, the plaintiff alleges claims of breach of written and oral contracts, detrimental reliance, unjust enrichment, breach of a covenant of good faith and fair dealing, fraudulent misrepresentation and a violation of General Statutes Sec. 42-110 et seq., Connecticut's Unfair Trade Practices Act (CUTPA). Additionally, the plaintiff seeks to foreclose on a mechanic's lien. The defendants now move to strike the fourteen counts of the amended complaint on the grounds that the underlying contract violates General Statutes Sec. 20-421 et seq, Connecticut's Home Improvement Act.
The amended complaint alleges the following facts. In August 1993, the plaintiff, a Connecticut corporation registered as a home improvement contractor, entered into a written contract with the defendant Trustee. Under the contract the plaintiff agreed to furnish materials and render labor in the construction and/or improvement to a piece of land with a building thereon in Cornwall, Connecticut for the sum of $20,500. The defendant Trustee remains the owner and continues to be in possession of this piece of property. The defendant Noushin Bryan acted as a general contractor/architect for this project. The plaintiff furnished the materials and rendered labor under the contract with the consent of the defendants, commencing performance in late August 1993, and completing the work in December 1993. The plaintiff alleges that the amount due and owing on the contract is $6,320.07. On January 24, 1994, the plaintiff filed a mechanic's lien in the Town of Cornwall land records and gave written notice on that date to the defendant Trustee that it intended to claim a lien upon the property for the value remaining under the contract. The plaintiff also gave written notice to the defendant Noushin Bryan. There are no other encumbrances on the property. CT Page 7343
The first seven counts are directed against the defendant Trustee. The first count seeks to foreclose on the mechanic's lien. The second count alleges a claim for breach of a written contract. The third count seeks damages under a breach of an oral contract theory. The fourth count alleges a claim of detrimental reliance and seeks damages under a quasi-contract theory. The fifth count alleges breach of a covenant of good faith and fair dealing. The sixth count alleges a claim of fraudulent misrepresentation. The seventh count alleges a claim of unjust enrichment.
Counts eight through fourteen are directed against the defendant Noushin Bryan. The eighth count alleges breach of a written contract. The ninth count alleges breach of an oral contract. The tenth count alleges a claim of detrimental reliance and seeks damages under a quasi-contract theory. The eleventh count alleges a breach of a covenant of good faith and fair dealing. The twelfth count alleges a claim of fraudulent misrepresentation. The thirteenth count alleges a claim of unjust enrichment. The fourteenth count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The defendants now move to strike counts one through fourteen of the amended complaint. In support of their motion, the defendants filed a memorandum of law, and a supplemental memorandum. The plaintiff timely filed a memorandum in opposition.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). On a motion to strike, "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham,182 Conn. 80, 82-83, 438 A.2d 6 (1980). Additionally, "the court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v.Groton, supra, 212 Conn. 142.
The defendants argue that the fourteen counts of the complaint should be stricken for three reasons. First, the defendants claim CT Page 7344 that any allegations of a written contract are legally insufficient since the written contract attached to the complaint fails to comply with the Home Improvement Act. Second, the defendants argue that since the Home Improvement Act requires home improvement contracts to be written, the plaintiff's claims based on oral contract are also legally insufficient. Third, the defendants contend that the plaintiff cannot maintain a claim under CUTPA when the other counts of the complaint are legally insufficient.
The plaintiff argues that it has sufficiently alleged facts to support its claims. The plaintiff contends that the defendants' claims concerning the Home Improvement Act would more appropriately be raised as a special defense. The plaintiff also argues that a defense under this act is not available if a homeowner has acted in bad faith and, thus, the plaintiff should be allowed to plead bad faith in response to a special defense alleging the Home Improvement Act. Additionally, the plaintiff asserts that a subcontractor's claim against a general contractor is not subject to the requirements of the Home Improvement Act. Since counts eight through fourteen make claims against Noushin Bryan as a general contractor, the plaintiff contends these counts are not subject to the provisions of the Home Improvement Act. Finally, the plaintiff contends that its CUTPA count is legally sufficient since it is directed against Noushin Bryan as a general contractor, not a homeowner.
A motion to strike may properly raise noncompliance with the Home Improvement Act where the allegations of the complaint show dispositively that a case is governed by the act and that the act's provisions have not been met. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 346, 575 A.2d 228 (1990); Mill Wan MechanicalContractors v. Elliot, 5 Conn. L. Rptr. 544, 545 (Jan. 30, 1992, Hennessey, J.). Where the application of the act is not apparent on the face of a complaint, the act would be more properly pleaded as a special defense alleging facts that establish the act's applicability and effect. See Sidney v. DeVries, 18 Conn. App. 581,586-87, 559 A.2d 1145 (1989), aff'd, 215 Conn. 350, 575 A.2d 228
(1990); Mill Wan Mechanical Contractors, supra. In this case, the allegations of the amended complaint demonstrate that the act applies to the first seven counts. Additionally, the plaintiff attached to his amended complaint a copy of the contract allegedly breached. Since this copy was attached to the complaint, it is considered part of the complaint for purposes of this motion to strike. Practice Book Sec. 141; Hossan v. Hudiakoff, 178 Conn. 381,382, 423 A.2d 108 (1979); Redmond v. Mathies, 149 Conn. 423, CT Page 7345 426, 180 A.2d 639 (1962); Utley v. Nolan, 134 Conn. 376, 377,58 A.2d 9 (1948). The court, therefore, may inquire into whether the contract attached to the amended complaint complies with the requirements of the act.
The Home Improvement Act sets forth the statutory requirements governing home improvement contracts. General Statutes Sec. 20-418
et seq. Under the act, a home improvement contract is defined as an "agreement between a contractor and an owner for the performance of a home improvement." Gen. Stat. Sec. 20-419 (5). The definition of owner under the act includes "any agent thereof." Id., Sec. 20-419 (6). A contractor is defined as "any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." Id., Sec.20-419 (4).
Section 20-429 (a) requires that for a home improvement contract to be valid or enforceable against an owner it must: (1) be in writing; (2) be signed by the owner and contractor; (3) contain the entire agreement between the owner and contractor; (4} contain the date of the transaction; (5) contain the name and address of the contractor; (6) contain a notice of the owner's cancellation rights in accordance with Chapter 740 (Home Solicitation Sales Act); (7) contain a starting and completion date; and (8) entered into by a registered contractor or salesman. Any change in the terms or conditions of the contract must be in writing and signed by the owner and contractor. Id., Sec. 20-249 (a). The act also provides that each home improvement contract is to be considered a home solicitation sale pursuant to chapter 740, the Home Solicitation Sales Act, and is subject to the provisions of that act. Id., Sec. 20-249 (e).
The Home Solicitation Sales Act provides that an agreement will not be effective if it fails to furnish in boldface type of a minimum size of ten points, a statement notifying the consumer of their right to cancel within three days and attaching a cancellation form for an explanation of this right. General Statutes Sec. 42-135a. This act also sets forth specific language with which a home solicitation sales contract should comply to be valid and enforceable. Id.
The first eight counts of the amended complaint are based on an agreement between the plaintiff, a licensed home improvement contractor, and the owner of the property, the defendant Trustee, acting through her agent, the defendant Noushin Bryan. The first CT Page 7346 and second, counts are based on a written agreement between these parties. The allegations of these counts indicate that the contract was for home improvements as defined by the act. See Gen. Star. Sec. 20-419 (4). These counts, however, fail to allege that the contract complies with the requirements of the Home Improvement Act and the Home Solicitation Sales Act. Additionally, a review of the contract attached to the amended complaint shows that it fails to comply with the statutory requirements since the consumer's cancellation rights are not sufficiently included. See WadiaEnterprises, Inc. v. Hirschfield, 27 Conn. App. 162, 167,604 A.2d 1339 (1992), aff'd on other grounds, 224 Conn. 240, 618 A.2d 506
(1992). The contract merely states that "[b]oth parties have the right to break this agreement within three days of signing." This language is not in bold face type of a minimum of ten points as required by General Statutes Sec. 42-135a. Additionally, the contract language is not in substantial compliance with the language set forth in the Home Solicitation Sales Act because it is not directed towards the consumer and fails to, refer to a notice of cancellation form. Section 42-135a. The contract also contains an addendum that is not signed by either the contractor or owner. Gen. Stat. Sec. 20-429 (a). As such the contract fails to comply with the requirements of the Home Improvement Act and Home Solicitation Sales Act and is not "valid or enforceable against [the] owner." Id. Therefore, the first and second counts are legally insufficient, since they are based on a written home improvement contract that is not valid or enforceable under the Home Improvement Act.
The Home Improvement Act also requires that a home improvement contract be in writing. Gen. Stat. Sec. 20-429. Therefore, the third count of the amended complaint is legally insufficient since it alleges an oral home improvement contract. See Caulkins v.Petrillo, 200 Conn. 713, 513 A.2d 43 (1986).
Additionally, when a home improvement contract fails to comply with the requirements of the Home Improvement Act, a home improvement contractor cannot recover using "off-the-contract" theories such as quasi-contract, quantum meruit, unjust enrichment or contract implied in law, absent proof of bad faith on the part of the homeowner. Habetz v. Condon, 224 Conn. 231, 618 A.2d 501
(1992). The amended complaint contains no allegations of bad faith on the part of the defendant Trustee. See Wilke v. Cuzzoreo,9 CSCR 422 (March 24, 1994, Walsh, J.). The plaintiff, therefore, cannot recover against the defendant Trustee under these theories since there are no allegations of bad faith on the part of the CT Page 7347 homeowner in the amended complaint. Id. Therefore, the third, fourth, fifth, sixth and seventh counts of the amended complaint are legally insufficient and the motion to strike as to these counts is granted.
Counts eight through fourteen of the amended complaint are directed against the defendant Noushin Bryan. These count allege that Noushin Bryan was the general contractor/architect on this project. Contrary to the defendants' assertion, the plaintiff's allegation that Noushin Bryan was a general contractor is not a legal conclusion since it alleges facts supporting this status, such as that he maintained general control over the job and worksite. Additionally, the case of O'Donnell v. Rindlefish,13 Conn. App. 194, 535 A.2d 824 (1988) is not dispositive. That case held that a subcontractor is not required by the Home Improvement Act to be registered as a home improvement contractor. Id., 195. The statutory definition of a home improvement contract, however, is dispositive of the issue of whether the eighth through fourteenth counts are subject to the Home Improvement Act's requirements.
The eighth count alleges a breach of a written agreement between the plaintiff and the defendant Noushin Bryan. The alleged written agreement is the same agreement alleged in the first two counts of the complaint. Those counts, however, alleged a home improvement contract as defined by the act because they alleged an agreement between the plaintiff, a home improvement contractor, and the defendant Trustee, the owner of the property. See General Statutes Sec. 20-419 (5). The eighth count does not allege such a contract since it alleges a contract between a home improvement contractor and a general contractor/architect, not the owner or its agent. An issue may arise as to whether Noushin Bryan was acting as an agent of the owner, which would make the contract subject to requirements of the act. See, Gen. Stat. Sec. 20-419 (6) (defining owner to include "any agent thereof"). That issue, however, is a question of fact; West Haven Sound Development Corp.v. West Haven, 201 Conn. 305, 311, 514 A.2d 734 (1986); and, therefore, is not properly resolved on a motion to strike. Furthermore, when construed in a light most favorable to the plaintiff, an examination of the contract attached to the amended complaint does not resolve the status of the defendant Noushin Bryan. Since counts eight through thirteen do not allege a home improvement contract as defined by the act, they are not subject to the provisions of the act for purposes of this motion to strike. As to these counts, the act would more properly be raised as a CT Page 7348 special defense. Therefore, the motion to strike counts seven through thirteen is denied.
Additionally, the motion to strike the fourteenth count alleging a CUTPA violation is also denied.
For these reasons, the defendants' motion to strike is granted as to counts one through seven, but denied as to counts eight through fourteen.
Pickett, J.