[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#109)
The third party plaintiff, United Technologies Corp., Sikorsky Aircraft moved to strike the first, second and third special defenses of the third party defendant's answer to the third party complaint.
The first special defense will be voluntarily withdrawn; therefore that matter is moot.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of . . . any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof. Practice Book § 152." (Internal quotation marks omitted.)Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1
(1991). In ruling on a motion to strike a special defense, the trial court will take the facts to be those alleged in the special defense and will construe those defenses in a manner most favorable to sustaining their legal sufficiency. ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
CT Page 6384 (1992).
"When a copy of a contract is attached to the complaint, the court can consider the contract as "part of" the complaint for purposes of a motion to strike." Practice Book § 141; Hossanv. Hudiakoff, 178 Conn. 381, 382 (1979); Redmond v. Matthies,149 Conn. 423, 426 (1962); Utley v. Nolan, 134 Conn. 376, 377 (1948). No copy of the contract is attached to the complaint or to the special defense.
The court would have to go outside the pleadings to the contract itself to determine this issue. That is improper in considering a motion to strike; see Oxer v. Milani, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0130487 (October 12, 1994).
Accordingly, the motion to strike the second and third special defenses of the third party defendant's answer is denied.
SANDRA VILARDI LEHENY, J.