ROBERT J. HOSSAN ET AL. *v.* ANDREI HUDIAKOFF

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PARSKEY, Js.

Argued May 3—decision released July 17, 1979

*Harold A. Bochino,* for the appellants (plaintiffs).

*James R. Healey,* with whom was *John F. Phelan,* for the appellee (defendant).

PER CURIAM. In this action to recover a real estate commission, the plaintiffs have appealed from the granting of the defendant's motion for summary judgment. The trial court granted the motion on the

ground that the listing agreement between the parties did not contain the address or addresses of the plaintiffs as required by General Statutes § 20-325a (b).

Practice Book, 1978, § 384 provides that the rendition of summary judgment is appropriate "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The plaintiffs brought this action on the basis of an open listing agreement. That agreement was referred to in the complaint and a copy of the agreement was annexed to it and, therefore, became a part of it. Practice Book, 1978, § 141; *Redmond* v. *Matthies,* 149 Conn. 423, 426, 180 A.2d 639. Because the sole issue before us is whether the listing agreement complied with the requirements of § 20-325a (b), we need not look beyond the pleadings to decide this appeal.[1]

Section 20-325a (b) establishes the requirements for the maintenance of an action by a broker for a commission. There must be a contract or authorization and such contract or authorization must (1) be in writing; (2) contain the names and addresses of all the parties thereto; (3) show the date on which such contract was entered into or such authorization given; (4) contain the conditions of such contract or authorization; and (5) be signed by the parties thereto. The trial court found that the agreement

---

[1] The plaintiffs raise two procedural issues, one involving the appropriateness of a motion for summary judgment in situations where a motion to strike would lie, the other involving the sufficiency of the movant's affidavit. Because there is a sufficient basis to support the judgment on the pleadings alone and because the procedural issues would not affect the result, we do not consider them. *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 134, 357 A.2d 910.

was defective because it did not contain the address or addresses of the plaintiffs. The plaintiffs readily concede that the agreement, exhibit C, did not contain the address. They contend, however, that the defendant had actual or constructive notice of their address and this was sufficient to satisfy the statute.

Section 20-325a (b) provides that "[n]o person, licensed under the provisions of this chapter, shall commence or bring any action" unless the contract or authorization meets the specified requirements. The use of the word "shall" in the statute connotes that the performance of the statutory requirements is mandatory rather than permissive. *Akin* v. *Norwalk,* 163 Conn. 68, 74, 301 A.2d 258. Thus, the absence of the plaintiffs' address in the listing agreement is fatal to their action.

The plaintiffs filed an opposing affidavit by the plaintiff Walter Yannielli in which he stated that at the time he and the defendant signed the listing agreement he gave the defendant one of his business cards which contained, inter alia, the name and business address of "Hossan-Yannielli Associates Real Estate Brokers." The statute requires that the addresses of all parties shall be included in the listing agreement. The plaintiffs' address was not so included. We need not consider whether a listing agreement consisting of a series of connected documents could in the aggregate comply with the stringent requirements of the statute because that is not this case. The separate business card, not being a part of the listing agreement, was not sufficient to supply the missing address.

There is no error.