THORNTON REAL ESTATE, INC. *v.* JOHN L. LOBDELL

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 9—decision released May 12, 1981

*Jack D. Garamella,* for the appellant (plaintiff).

*Edward J. Gallagher,* with whom, on the brief, was *Stephen C. Gallagher,* for the appellee (defendant).

BOGDANSKI, C. J. This is an appeal from the action of the trial court in granting a motion for summary judgment in a suit to recover a real estate commission.[1] The motion was granted on the ground that the listing agreement between the parties was not signed by the defendant. The sole issue on appeal is whether the signature of an agent is sufficient to comply with General Statutes § 20-325a (b). The question is one of first impression.

Section 20-325a (b) establishes the requirements for the maintenance of an action by a broker for a commission. It provides: "(b) No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authoriza-

---

[1] Practice Book § 384 provides that the rendition of summary judgment is appropriate "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

tion and (5) be signed by the parties thereto." The use of the word "shall" in the statute connotes that the performance of the statutory requirements is mandatory rather than permissive. *Hossan* v. *Hudiakoff,* 178 Conn. 381, 423 A.2d 108 (1979); *Akin* v. *Norwalk,* 163 Conn. 68, 74, 301 A.2d 258 (1972).

The plaintiff does not dispute the fact that the listing agreement was not signed by the defendant. Instead, it contends that because the listing agreement was signed by an agent of the owner, that the requirements of the statute were satisfied.[2] We do not agree, on the basis that the defendant was not a party to the agreement.

Courts cannot, by construction, read into legislation provisions not clearly stated. *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975). It is highly significant that while the statute of frauds, § 52-550, contains a provision whereby the signature of an agent is specifically authorized, § 20-325a (b) has no such provision. We presume that the legislature acted in view of existing relevant statutes and with the intention to create one consistent body of law. *Rustici* v. *Stonington,* 174 Conn. 10, 13, 381 A.2d 532 (1977). Had the legislature intended to include such a provision in § 20-325a (b), it could easily have done so. Moreover, the plaintiff's argument concerning the law of agency cannot prevail in view of the express language of the statute. A broker who does not follow

[2] Section 20-311 (d) provides that " 'person' means and includes any individual, partnership, association or corporation." The plaintiff does not claim that the defendant and his agent were engaged in a partnership or association. Thus, we do not decide whether a signature by an agent of such an entity will bind the entity under § 20-325a (b).

the mandate of the statute does so at his peril. Thus, the absence of the defendant's signature in the listing agreement is fatal to the action. See *Hossan* v. *Hudiakoff,* supra.

There is no error.

In this opinion the other judges concurred.