In this suit to recover a real estate commission the plaintiff claims the breach of an exclusive sale agreement by the defendants, who are husband and wife and who owned a two-family house in Norwalk. The trial court rendered judgment for the plaintiff. Upon this appeal taken by the *Page 704 
defendants, the dispositive issue is whether the failure of the defendant husband to sign the commission agreement in person constitutes a noncompliance with General Statutes 20-325a (b),[2] which establishes certain requirements for such contracts. Accordingly, we shall not consider the other issues raised which are related to the authority of the defendant wife to sign her husband's name to the agreement, as she did.
The provision of 20-325a (b) upon which the defendants rely in contending that the agreement was invalid specifies that a real estate commission contract must "be signed by the parties thereto." The defendants maintain that the statute requires that each party sign in person rather than through an agent, regardless of the authority which the agent may have. This contention of the defendants has been upheld in the case of Thornton Real Estate, Inc. v. Lobdell, 184 Conn. 228, 230,439 A.2d 946 (1981), which was decided by our Supreme Court after the argument of this appeal. The decision holds squarely that a listing agreement signed by an agent of the owner of the property does not meet the statutory requirement of a signature by a party.
 There is error. The judgment is vacated and the case is remanded with direction to enter judgment for the defendants.
SHEA, DALY and BIELUCH, Js., participated in this decision.