[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendant's motion to dismiss is based on an alleged failure to comply with Connecticut General Statutes Section47a-15.
Section 47a-15 is as follows:
 Noncompliance by tenant. Remedy of breach by tenant. Landlord's remedies. Prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive, to evict based on nonpayment of rent, on conduct by the tenant which constitutes a serious nuisance or on a violation of subsection (h) of section 47a-11, if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the CT Page 4004 rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. If such breach can be remedied by repair by the tenant or payment of damages by the tenant to the landlord, and such breach is not so remedied within twenty-one days the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of damages and the tenant adequately remedies the breach within such twenty-one day period, the rental agreement shall not terminate; or (2) if substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to 47a-23b, inclusive.
Defendant's first argument is, in essence, that plaintiff's pre-termination notice is defective because it failed to inform the defendant of the opportunity to cure her breach within 21 days. The pre-termination notice is set forth herein.
December 10, 1990
 Hurondy Pauley 69 Oakwood Knoll Norwich, Conn. 06360 Dear Ms. Pauley:
 Please be put on immediate notice that in accordance with Section 14(a) of your Dwelling Lease, the Housing Authority of the Town of Norwich has determined that your Dwelling Lease Agreement will be terminated on January 10, 1991. The Housing Authority has taken this action for the following reason(s): You have breached your lease by furnishing false information or failing to disclose information regarding your income and the number of adult persons living in your dwelling unit, resulting in the Housing Authority charging you less rent than CT Page 4005 you rightfully owe.
 This notice is given in accordance with Section 14(b) of the Dwelling Lease Agreement.
 Please be further advised that in accordance with Section 14(c) of your Dwelling Lease Agreement you have the right to make such reply as you wish and to utilize the Grievance Procedure, a copy of which was given to you at the time you signed the Dwelling Lease Agreement and which is posted in the office of the Housing Authority. This Grievance Procedure provides the opportunity for this matter to be settled informally. To initiate the procedure, you must contact the Housing Authority on or before January 5, 1991. Your failure to so utilize the Grievance Procedure within the specified time will result in this office referring the matter to our attorney for formal eviction action.
Your immediate attention is advised.
Sincerely,
 Chyrel A. Phillips Executive Director
Defendant has offered no authority that the landlord's notice under Section 47a-15 must include anything more than (1) specification of the acts or omissions constituting the breach and (2) that the rental agreement shall terminate in not less than 30 days. See Kapa Associates v. Flores, 35 Conn. Sup. 274, 276. A portion of the Kapa case at page 278 is as follows: "The condition precedent to a remedy of the breach by the tenant is the receipt of a `written notice. . .specifying the acts or omissions.' The failure of the plaintiff to allege the delivery of a written notice is fatal to its complaint." The plaintiff has met the condition of a written notice specifying the acts or omissions and has set forth an allegation to that effect in its complaint.
The courts must give effect to the legislative intent as expressed by the wording used in a statute. Colli v. Real Estate Commission, 169 Conn. 445, 450 (1975). That intent is to be found not in what the legislature meant to say but in the meaning of what it did say. Hayes v. Smith, 194 Conn. 52,57-58 (1984). The court can neither subject the statute to modification by construction nor read into it provisions which are not clearly stated. See Thornton Real Estate, Inc. v. Lobdell, 184 Conn. 228, 230 (1981). The court cannot speculate upon any unexpressed intention. If the legislature had wanted the pre-termination notice to include notice of the 21-day right to cure, it could easily have added the appropriate CT Page 4006 provision to Connecticut General Statutes Section 47a-15.
Defendant next argues that compliance with Section47a-15 must be pleaded. There is no authority for requiring notice of the 21-day right to cure in the first place. Defendant's cited authorities for the proposition that compliance with Section 47a-15 must be pleaded go no further than requiring the notices of the 30-day period and the specific acts and omissions constituting the breach.
Defendant claims that the Court has no subject matter jurisdiction where Section 47a-15 has not been complied with. There is no authority, if the statute for such a requirement.
There is neither logic nor authority for holding that the 21-day cure period applies at all where the breach is beyond the common-sense limitation to breaches which "can be remedied by repair by the tenant or payment of damages." Application of common sense leads to the conclusion that the 21-day cure period applies to damages involving the physical condition of the premises. Were it otherwise, numerous other breaches which, like the breach at issue, are difficult or impossible to quantify in damages, would be subject to the 21-day cure period, including assignment, taking in boarders, use of the premises for business, and illegal activity such as operating a business in a residential zone.
The notice dated December 10, 1990, as set out above, complied with the requirements of Section 47a-15 of the Connecticut General Statutes.
The motion to dismiss is denied.
AUSTIN, J.