[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action the plaintiff seeks an award for a real estate commission allegedly due him. The first question to be addressed is whether or not he had a valid listing agreement. If the answer is in the affirmative, there are other issues to be decided. If in the negative, that is determinative of the matter and other issues are moot.
The listing agreement is plaintiff's exhibit 2. It is dated March 21, 1984. At the top of the first page there is typed a heading: "SHERMAN I. WEISMAN ASSOCIATES REAL ESTATE MORTGAGES 25 Central Avenue Waterbury, Connecticut 06702". The first line of the agreement refers to "the undersigned broker". The name "SHERMAN I. WEISMAN" is typed four times in the body of the instrument. It describes the property and recites the terms which would entitle the plaintiff to a commission. It is signed by the CT Page 8200 defendants William Accousti, Kenneth Foisie and Vito Rossi who are described as being the partners in a partnership which is stated to be the owner of the real estate involved. Nowhere is there a signature of the plaintiff.
As of March 21, 1984 Connecticut General Statutes Section20-325a mandated that in order to bring an action for "any acts done or services rendered . . . unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection such contract or authorization shall . . . (5) be signed by the parties thereto".
The statutory requirements are mandatory and not permissive and the statute is to be strictly construed. Hossan v. Hudiakoff,178 Conn. 381; Thornton Real Estate, Inc. v. John J. Lobdell,184 Conn. 228. In a dictum in Hossan the court suggested, but did not decide, that "a series of connected documents could in the aggregate comply with the stringent requirements of the statute", p. 383. The court reiterated in Jay Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52, that a series of documents relating to an agreement could collectively satisfy the requirements of the statute.
In an attempt to meet that requirement the plaintiff tendered twenty-three exhibits, four of which were marked for identification only, and those I ignore. The defendants offered eight exhibits, so twenty-seven exhibits were properly before me. Of those only two, plaintiff's 11 and 12, bear the signature of Weisman. Plaintiff's 11 is a letter from Weisman to a prospective purchaser stating that in accordance with instructions from Accousti, Foisie and Rossi he is returning the deposit made by that prospective purchaser. Plaintiff's 12 is a letter from Weisman to Accousti, Foisie and Rossi stating that he has complied with their instructions and returned the deposit. Neither has any relation to the listing agreement but instead both refer to an entirely separate contract of sale. The paper trail simply does not meet the requirements of Jay Realty, Inc.
Accordingly, I am forced to conclude that Weisman does not have a listing agreement that complies with Connecticut General Statutes Section 20-325a and accordingly, this action is barred. Judgment may enter for the defendants.
J. HEALEY, STATE TRIAL REFEREE