[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On February 10, 1989, the plaintiff, Richard Owen Carey filed a complaint against the defendants, Richard C. Clark, Rudy L. Ruggles, Jr. and Michael G. MacDonald. The action is seven counts, the first three of which were asserted by the February 10, 1989 complaint, and the last four of which were asserted by amendment on August 31, 1990.
The plaintiff filed a withdrawal of action on September 2, 1992 in which he withdrew counts four, five and seven of his complaint. Thus, counts three and six are left to be determined.
In the third count the plaintiff alleges that the defendants are indebted to him for the real estate brokerage services performed by the plaintiff under the listing agreement of November 20, 1984. Plaintiff has expressly conceded that the listing agreement on which count three is premised fails to comply with General Statutes Section 20-325a(b).
In count six, plaintiff seeks recovery for a sale of real estate to, essentially a "straw man", who, shortly thereafter, sold the parcel to a ready, willing and able buyer who had been procured, originally, by the plaintiff. The plaintiff raised this claim in accordance with the terms set forth in a listing agreement of March 1, 1986.
On August 13, 1992, the defendants Ruggles and MacDonald filed a motion for summary judgment and attached thereto a supporting memorandum, affidavits and exhibits. On September 18, 1992 plaintiff filed an objection to the motion for summary judgment.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there CT Page 10321 is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."' Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384) (emphasis added). "`Mere assertions of fact. . .are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under [Practice Book] 380."' Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
Defendants argument is simple, mainly that the listing agreements do not comply with General Statutes Section 20-325a(b), and therefore are entitled to summary judgment as a matter of law.
In plaintiff's memorandum in opposition to the motion for summary judgment the plaintiff conceded, as to count three, that the listing agreement fails to comply with Gen. Stat. Sec. 20-325a(b). Instead the plaintiff argues that this court should find an implied "bad faith" exception to the bar that would otherwise apply pursuant to General Statutes 20-325a(b). The right of a real estate broker to recover a commission is dependent upon whether the listing agreement meets the requirements of General Statutes Section 20-325a(b). New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 621, 569 A.2d 1098 (1990). Section20-325a(b) requires that the listing agreement.
 (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in a manner provided for conveyances in section 47-5, and by the real estate broker or his agent.
McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 519, 590 A.2d 438 (1991). In addition, the broker must ordinarily prove that it has found a buyer that is ready, willing and able to purchase the property on terms agreed to by the seller. Storm Associates, Inc. v. Baumgold, 186 Conn. 237, 242,440 A.2d 306 (1982).
Moreover, it has been well established that the requirements of Gen. Stat. Sec. 20-325a(b) are mandatory rather than permissive and that statute is to be strictly construed. McCutcheon Burr, Inc., supra, 519. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 621, 569 A.2d 1098
(1990); Jay Realty, Inc. v. Ahearn Development Corp., 189 Conn. 52, 54, CT Page 10322453 A.2d 771 (1983); Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294,305-07, 552 A.2d 827 (1989). "A broker who does not follow the mandate of [20-325a(b)] does so at his peril." Thornton Real Estate, Inc. v. Lobdell,184 Conn. 228, 230-31 (1981).
In the case at bar, the plaintiff concedes that the listing agreement on which count three is premised fails to comply with General Statutes Sec. 20-325a(b).
As for count six, the plaintiff does not controvert the claim that the listing agreement fails to comply with General Statutes Sec. 20-325a(b). Instead, the plaintiff argues that this court should find an implied "bad faith" exception to the bar that would otherwise apply pursuant to General Statutes Sec. 20-325a(b). Since the Supreme Court of this state has determined that the requirements of General Statutes Sec. 20-325a(b) are mandatory and that the statute is to be strictly construed, this court is bound by that determination and cannot find an "implied bad faith" exception to the statute. See Bascetta v. Droney, 5 Conn. L. Rptr. No. 15, 419 (Jan. 6, 1992, Schaller, J.). Accordingly, for the foregoing reasons, summary judgment is granted.
PICKETT, J.