[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed a revised complaint in three counts against each defendant. The first count alleges that plaintiff's CT Page 8616 decedent, Bernard Burg ("Burg"), was, at all relevant times, a licensed real estate broker who entered into a written agreement to sell real estate owned by the defendants Lukas and Kozlowski. The agreement, by its terms, expired on January 15, 1989. Plaintiff further alleged that Burg obtained a buyer for the property and, pursuant to the terms of the agreement, was to be paid a commission of $80,000 but the defendants breached the agreement by paying only $30,000.
The second count alleges that the defendants violated the CUTPA, General Statutes, 42-110a, et seq., by writing in their contract with the buyer of the property that Burg had agreed to accept a $30,000 commission.
The third count of the complaint alleges that the defendants' conduct constituted a theft of Burg's property in violation of General Statutes, 52-564.
The defendants filed an answer, a special defense and a four-count counterclaim. The plaintiff moved to strike each count of that counterclaim on the ground that the counts failed to state a cause of action. The defendants have withdrawn the fourth count of the counterclaim.
The first count of the counterclaim alleges that the defendants entered into an agreement with Burg to sell defendants' property and, while the agreement was in effect, Burg procured a buyer for the real estate; that negotiations between the defendants and the buyer continued beyond the expiration date of the contract (January 15, 1989) and on February 9, 1989, Burg orally agreed to accept a $30,000 commission; that Burg obtained from the defendants a written offer that included a term setting forth Burg's commission at $30,000 and he delivered that offer to the purchaser who accepted the offer and signed it on February 14, 1989.
It is further alleged that Burg delivered a fully executed copy of the contract to Lukas and Kozlowski who thereafter notified Burg of a closing date of April 14, 1989. On April 12, 1989, Burg advised Lukas and Kozlowski that an assignment for jury duty would prevent him from attending the scheduled closing. On or about April 14, 1989, Burg delivered a letter to Lukas in which he stated that he had not agreed to accept a $30,000 commission. The closing was held as scheduled and, on or about April 17, 1989, Burg was paid the balance of a commission of $30,000. CT Page 8617
Burg is alleged to have made a written demand of Lukas and Kozlowski, on April 25, 1989 for $42,000 as the balance due on a claimed commission of $72,000, based upon 4% of a $1.8 sale. Lukas and Kozlowski allege that Burg's actions in verbally agreeing to accept a $30,000 and in proffering and eventually delivering a contract with a $30,000 commission clause, induced them to enter into the agreement and compelled them to proceed to closing. Burg's conduct, it is alleged, constituted an unfair trade practice in violation of 42-110a, of the General Statutes.
The second count of the counterclaim alleges that Burg's activities constituted a fraud. The third count alleges that the bringing of the plaintiff's action, alleging a $50,000 balance and breach of the real estate broker agreement, constitutes a breach of the oral agreement by Burg to accept a $30,000 commission as set forth in the sales agreement executed by the purchaser.
The function of a motion to strike is to challenge the legal sufficiency of the allegations contained in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions. Blancato v. Feldspar Corp.,203 Conn. 34, 37 (1987). The court must construe the facts alleged in the light most favorable to the pleader. Rowe v. Godou,209 Conn. 273, 278 (1988). Blancato also held that, in passing upon a motion to strike, the trial court should only consider the grounds specified by the moving party. Blancato, supra, 44./also, see Morris v. Hartford Courant Co., 200 Conn. 676, 682 (1986).
The plaintiff's argument that allegations that Burg, a licensed real estate broker, entered into an oral contract violate the parol evidence rule and Section 20-325a of the General Statutes is misplaced. The defendants are not governed by the statutory requirement that real estate listing contracts must be in writing because they are not real estate brokers in this instance. The statute prohibits licensed real estate brokers from bringing actions based on oral listing contracts. "Section 20-325a(b) establishes the requirements for the maintenance of an action by a broker for a commission." Hossan v. Hudiakoff, 178 Conn. 381, 382
(1979).
Furthermore, the rule that parol evidence cannot vary the terms of a written contract is inapplicable where, as here, the claim is that subsequent to the expiration of the written listing agreement, the parties entered into an oral contract. CT Page 8618
The motion to strike the counterclaim is denied.
BY THE COURT
LEANDER C. GRAY, JUDGE