[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Daniel Crowe, d/b/a Crowe and Company Real Estate, instituted an action against Elizabeth Banks arising out of her alleged failure to pay Crowe a real estate commission due and owing. Crowe alleges that on or about July 1, 1994, Banks listed the property owned by her with the Westport-Weston Board of Realtors, Inc. multiple listing service ("MLS"). The arrangement Banks had with MLS was to pay a 3 percent commission on the sale price of the house to the selling broker. On or about January 18, 1995, Crowe procured a purchaser for the property who offered to purchase the property for $160,000. Banks accepted the offer. "Subsequent to the acceptance of the offer to purchase, although the customer was at all times ready, willing and able to purchase" Banks' real estate, Banks refused to convey the property. As a result of Banks' failure to effect the conveyance, CT Page 7916 Crowe alleges that he has suffered damages.
Banks has moved to strike Crowe's complaint on the ground that it fails to state a claim upon which relief can be granted since it fails to allege that the underlying listing agreement complied in all respects with Sec. 20-325a of the General Statutes of the statute governing the contents of listing agreements. Crowe has not filed any opposition.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorable to the plaintiff.Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-16. A motion to strike is appropriate where a "pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. . . ." Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). The appropriate mechanism for attacking the sufficiency of a complaint for real estate commissions under Sec. 20-325a(b) is by a motion to strike. McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 526.
Section 20-325a(b) recites, inter alia, that:
 No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after July 1, 1994, as set forth in subsection (a), unless the acts or services were rendered pursuant to a contract or authorization from the person for whom the acts were done or services rendered. To satisfy the requirements of this subsection any contract or authorization shall: (1) Be in writing, (2) contain the names and addresses of the real estate broker performing the services and the name of the person or persons for whom the acts were done or services rendered, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization, (5) be signed by the real estate broker or the real estate broker's authorized agent. . . .
The provisions of that section are mandatory and must be strictly construed. Thornton Real Estate, Inc. v. Lobdell, 184 Conn. 228,230. In fact, in order to maintain an action for a commission under this section, "compliance with General Statutes 20-235a
CT Page 7917 must be alleged." Lippia v. Lech, Superior Court, JD of Hartford/New Britain at New Britain, No. 458075 (May 26, 1994) (Dorsey, S.T.R.).
In the present case, Crowe has not alleged that the listing agreement underlying his claim for past due commissions did, in fact, comply with Sec. 20-325a. The motion to strike is, accordingly, granted.