[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The Plaintiff, Ronald Hoopes, filed a complaint dated May 6, 1993, alleging in a single count that the Defendant, First National Supermarkets, Inc., wrongfully discharged him. Service of the complaint occurred on May 26, 1993, as indicated by the sheriff's return contained in the court file.
The complaint alleges that Plaintiff was injured during the course of his employment as a truck driver and was unable to work on at least three separate occasions, including from December 1986 until April 1987, and October 7, 1987 through January 18, 1988. The Plaintiff alleges that he returned to work on January 18, 1988 because he was notified that his workers' compensation benefits would be terminated. However, he was unable fully to perform his duties, and as a result was in an overhead accident the very same day. The Plaintiff was discharged from his job as a result of the January 18, 1988 accident and filed a grievance. The grievance was arbitrated on April 15, 1988. The arbitrator ruled that the Defendant had "just cause" for the discharge. On October 1, 1993, the Defendant filed an amended answer and special defenses alleging both statute of limitations and res judicata.
The Defendant seeks summary judgment on the following alternative grounds: (1) the complaint is precluded by res judicata; (2) the action is untimely under General Statutes §52-592, the accidental failure of suit statute, because the Plaintiff filed the present action more than one year after a prior action for the same claim was dismissed; and (3) General Statutes § 52-577, the three year statute of limitations in actions based on tort, bars the wrongful discharge claim set forth in the complaint. In support of the first two grounds, the Defendant asserted in its memorandum and at oral argument that a prior action for the same claim was dismissed by the CT Page 11725 Court on August 16, 1991 when a judgment of nonsuit entered.
As required by Practice Book § 204, the Defendant has filed a motion and a memorandum in support of its motion for summary judgment. The Defendant has also filed a supplemental memorandum raising the issue of the accidental failure of suit statute. Contrary to Practice Book §§ 380 and 381, the Defendant has failed to file any supporting documentary evidence in support of its motion. The Plaintiff has timely filed a memorandum in opposition, but has not filed any opposing documentation.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citations omitted; internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380,260 A.2d 596 (1969).
The Court will review in order the grounds asserted by the Defendant.
I. Res Judicata
The first ground of the Defendant's motion for summary judgment is that the doctrine of res judicata attached to the Plaintiff's claim when he was nonsuited on August 16, 1991. "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is an] appropriate method for resolving a claim of res judicata." Jackson v. R.G.CT Page 11726Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). The Defendant, however, has not submitted any affidavits or other documentary evidence in support of the facts relied upon in its argument.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . . The adverse party . . . shall file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings." Practice Book § 380. "[T]he moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, [and] the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994).
The Defendant has not submitted any documents beyond the motion and memoranda. Although a trial court has the power to take judicial notice of court files of other actions between the same parties, Carpenter v. Planning Zoning Commission,176 Conn. 581, 591, 401 A.2d 1029 (1979), it is not the function of the court to locate a closed file and choose documents in support of a party's motion for summary judgment. The motion for summary judgment on this ground is denied.
II. Accidental Failure of Suit Statute
Section 52-592(a) provides in pertinent part that a plaintiff "may commence a new action . . . at any time within one year after the determination of the original action . . . ." The Defendant asserts that the Plaintiff's action is barred by § 52-592 because a prior action for the same claim was dismissed by the court on August 16, 1991 when a judgment of nonsuit entered. As discussed above with regard to the res judicata claim, the Defendant has failed to submit any supporting documentation. The motion for summary judgment on this second alternative ground is denied.
III. Statute of Limitations
The Defendant next asserts that this action is barred by the three year statute of limitations of General Statutes § CT Page 1172752-577. Plaintiff's wrongful discharge claim is based upon an alleged violation of General Statutes § 31-290a. That section is contained within the Workers' Compensation Act, Chapter 568 of the General Statutes.
Section 31-290a(a) of the General Statutes provides that "no employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for worker's compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." Subsection (b) of the same statute allows any employee who has been wrongfully discharged to bring a civil action in the Superior Court or file a complaint with the chairman of the Workers' Compensation Commission.
Section 31-290a does not contain a statute of limitations. The threshold issue, therefore, is the determination of the proper statute of limitations for a suit founded on that statute.
Plaintiff first contends that the six-year statute of limitations regarding written contracts (§ 52-576 (a)) applies, because his claim is based on a contract of employment. Such is not the case. The complaint is not based on violation of a written contract, but clearly is based upon an alleged violation of § 31-290a.
Plaintiff next contends that the applicable statute is the one-year notice provision of the Workers Compensation Act, so that if that notice is timely given, there is no further time limitation to bringing an action under § 31-290a.
Plaintiff apparently is basing this position on General Statutes § 31-294c, which provides that "[n]o proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident." Plaintiff's position is that once an employer receives notice of a claim for violation of § 31-290a, the statute of limitations applicable to a workers' compensation claim is satisfied, so that there is no further time limitation to the actual institution of the lawsuit.
The Court is not persuaded. Section § 31-294c is CT Page 11728 applicable to proceedings for "compensation" under the Workers' Compensation Act. "Compensation" is defined in § 31-275 (4) as "benefits or payments . . . including, but not limited to, indemnity, medical and surgical aid or hospital and nursing service . . . and any type of payment for disability . . . death benefits, funeral expense, dependency allowance . . . or any adjustment in benefits or payments . . . ." Inasmuch as Plaintiff's complaint seeks money damages from the Defendant as the result of a retaliatory discharge, rather than "compensation" as defined in § 31-275(4), § 31-294c is not applicable.
The common law cause of action for the intentional tort of retaliatory discharge was recognized in Sheets v.Teddy's Frosted Foods, Inc., 179 Conn. 471, 427 A.2d 385
(1980). As noted in Ford v. Blue Cross Blue Shield of Connecticut,Inc., 216 Conn. 40, 52, 578 A.2d 1054 (1990), §31-290a is essentially a codification of the holding in Sheets in the context of Workers' Compensation. "A violation of §31-290a . . . is in essence a statutorily created tort deriving from the action for wrongful discharge." (Citations omitted). Id., at 216 Conn. 52. Ford held that a § 31-290a action involves a legal remedy having its roots in the common law, thereby entitling the plaintiff to a jury trial.
An action under § 31-290a involves a legal remedy founded on the common law tort action for wrongful discharge, entitling the claimant to a jury trial, a right not otherwise available under the Workers' Compensation Act. It is in essence a tort created by statute. Accordingly, the Court concludes that the proper statute of limitations applicable to an action for wrongful discharge in violation of § 31-290a is the three-year general tort limitation of General Statutes § 52-577. Accord: Morehouse v. SNET Systems, Inc., Superior Court, Judicial District of New Haven at New Haven, Docket No. 329768 (8 Conn. Law Rptr. 51, December 10, 1992, Zoarski, J.).
A motion for summary judgment is the appropriate vehicle to determine whether a claim is barred by the statute of limitations. Catz v. Rubenstein, 201 Conn. 39, 513 A.2d 98
(1986). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." WoodsideGreen Condominium Association, Inc. v. Woodside Green, Inc.,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 91368 (9 Conn. L. Rptr. 637, August 24, 1993, Lewis, J.). "Where there is no dispute as to the applicable CT Page 11729 statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Shuster v. Buckley, 5 Conn. App. 473,477, 500 A.2d 240 (1985).
The complaint states that the Plaintiff returned to work on January 18, 1988 and was wrongfully discharged either on that day or no later than upon the date that his grievance was finally arbitrated on April 15, 1988. Reading the facts most favorably to the Plaintiff, even if the latter date is applied in this case, the action is still barred by § 52-577. This action was commenced on May 26, 1993, more than five years after the Plaintiff's discharge in January or April of 1988.
Although the Defendant has failed to submit documentary proof in support of its motion for summary judgment, an exception exists here because the issue can be decided on the pleadings. The only facts material to the motion for summary judgment on this ground are the date of the wrongful conduct alleged in the complaint and the date the action was filed. Absent sufficient affidavits or other supporting documents, the Court may decide a motion for summary judgment on the pleadings alone. Hossan v. Hudiakoff, 178 Conn. 381, 382 n. 1,423 A.2d 108 (1979). This action was clearly not brought within three years from the date the Plaintiff was discharged. The motion for summary judgment on this ground is granted.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT