[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 213)
On August 20, 1991, the plaintiff, Branford Savings Bank (BSB), commenced this action against the defendant, Aetna Casualty Surety Company of Illinois (Aetna) to recover insurance proceeds under a policy of insurance issued by Aetna to Plastech Company, Division of Summit Associates, Inc. (Plastech). BSB was named as the mortgage holder on the policy CT Page 12846 and had a security interest in the insured personal property of Plastech.
On May 26, 1990, a fire occurred at the site of the insured property, causing damage to Plastech's real and personal property. Aetna claims the fire was caused by arson and refused to pay on Plastech's policy. BSB, made a claim to Aetna for the loss of Plastech's personal property in March of 1991, but Aetna denied the claim in April of 1991, arguing that, as a mortgage holder, BSB is only able to recover for the loss of, or damage to, Plastech's buildings or structures.
The fifth count of the plaintiff's August 20, 1991 complaint alleged that Aetna engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff filed an amended complaint on August 25, 1992 alleging, inter alia, that Aetna has engaged in unfair and deceptive trade practices within the meaning of CUTPA and therefore violated the Connecticut Unfair Insurance Practices Act (CUIPA). The plaintiff filed a request for leave to file a second amended complaint on July 19, 1994, again alleging violations of CUTPA and CUIPA and setting forth specific allegations regarding alleged multiple acts of unfair and deceptive practices with regard to the plaintiff and other Aetna insureds. In addition, the plaintiff's second amended complaint alleges other deceptive acts on the part of Aetna which would not require a showing of more than a single act.
On July 29, 1994, the defendant filed an objection to the plaintiff's request for leave to amend on the ground that the amendment was barred by the statute of limitations. The court, Fracasse, J., overruled the objection on September 1994 stating that "the statute of limitations must be specifically plead as a special defense." On September 30, 1994, the defendant filed an answer and special defenses to the July 19, 1994 amended complaint, including the defense that the statute of limitations bars the sixth count of the plaintiff's complaint.
The defendant now moves for summary judgment with respect to the sixth count on the grounds: that it is barred by the three year statute of limitations for CUTPA actions because it states a new cause of action that does not relate back to the original complaint; and, that the sixth count is legally insufficient because there is no private cause of CT Page 12847 action for alleged violations of CUIPA.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 380, 260 A.2d 596 (1969).
A motion for summary judgment is the appropriate vehicle to determine whether a claim is barred by the statute of limitations. Catz v. Rubenstein, 201 Conn. 39, 513 A.2d 98
(1986). "[A] statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment motion." Engman v. Laschever, Superior Court, judicial district of Hartford, Docket No. 513197 (9 Conn. L. Rptr. 312, 313, June 28, 1993, Hennessey, J.). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside GreenCondominium Association, Inc. v. Woodside Green, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 91368 (9 Conn. L. Rptr. 637, August 24, 1993, Lewis, J.). Absent sufficient affidavits or other supporting documents, the court may decide a motion for summary judgment on the pleadings alone. Hossan v. Hudiakoff, 178 Conn. 381,382 n. 1, 423 A.2d 108 (1979).
The defendant contends that the plaintiff's July 19, 1994 amendment, alleging that Aetna's handling of insurance CT Page 12848 claims of other insureds was unfair and deceptive, sets forth an entirely new cause of action based on new and different facts which do not relate back to the original complaint and are thus barred by the three year statute of limitations.
"An amended complaint . . . relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action." Jonap v. Silver, 1 Conn. App. 550,555, 474 A.2d 800 (1984). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . ." (Citations omitted; internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 263-64, 654 A.2d 748 (1995), quotingGurliacci v. Mayer, 218 Conn. 531, 546-47, 590 A.2d 914 (1991). "Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Citations omitted; internal quotations marks omitted.)Barrett v. Danbury Hospital, supra, 232 Conn., 263-64, quotingGurliacci v. Mayer, 218 Conn. 531, 548, 590 A.2d 914 (1991).
The Connecticut Supreme Court has decided that a CUIPA claim predicated on § 38a-816(6) (an unfair claim settlement practice) requires "a showing of more than a single act of insurance misconduct." Mead v. Burns, 199 Conn. 651, 659,509 A.2d 11 (1986). "[I]solated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Id., 666. Thus, "for a plaintiff to allege CUIPA and CUTPA violations sufficiently the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged CT Page 12849 wrongful acts with such frequency as to indicate a general business practice." Quimby v. Kimberly Clark Corporation,28 Conn. App. 660, 672, 613 A.2d 838 (1992). Furthermore, the Connecticut Supreme Court has held that proof of an insurer's commission of two or more unfair claim settlement practices in relation to one insurance claim is insufficient to satisfy the "general business practice" requirement of § 38a-816 (6). Leesv. Middlesex Ins. Co., 229 Conn. 842, 848-49, 643 A.2d 1282
(1994); see also Quimby v. Kimberly Clark Corporation, supra,28 Conn. App. 660. The "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by § 38a-816(6)." Lees v. Middlesex Ins.Co., supra, 229 Conn. 849.
The plaintiff's 1992 amended complaint alleged unfair settlement practices in relation to only one insurance claim, that of BSB. The plaintiff amended its complaint in 1994, to allege unfair settlement practices concerning other claims. Regardless, the cause of action set forth in the 1994 claim is an amplification and expansion on the 1992 claim. The plaintiff has added facts, but "the identity of the cause of action remains substantially the same." Barrett v. DanburyHospital, supra, 232 Conn. 263-64.
The amended complaint dated August 25, 1992 refers to both CUTPA and CUIPA, albeit in a cursory fashion and relative only to BSB's dealings with Aetna; nevertheless, it sets forth a claim under CUTPA for deceptive practices in settling insurance claims and, therefore, CUIPA. The 1992 and 1994 complaints also set forth claims under CUTPA and CUIPA in their references to punitive damages and attorney fees by citing General Statutes § 42-110a, 42-110(g) and 38a-816 et seq. in the ad damnum clauses.
The amended complaint of July 19, 1994 states a cause of action under CUTPA and CUIPA. The underlying cause of action occurred sometime around April of 1991 when Aetna denied BSB's claim. A careful review of the amended complaint of August 25, 1992, and the operative complaint of July 19, 1994, reveals that count six relates back to the original complaint, because it is an amplification of the actions which underlie the earlier complaint. The claims as set forth in the 1992 complaint clearly put the defendant "on fair notice that a CT Page 12850 claim [was being asserted] stemming from a particular transaction or occurrence." Barrett v. Danbury Hospital,
supra, 232 Conn. 263-64. The elaboration of the plaintiff's claim as set forth in the 1994 amended complaint relates back to the earlier complaint, thus the sixth count of the complaint is within the three year statute of limitations.
Next, as argued by the defendant, there is a split of authority at the superior court level as to whether CUIPA creates a private right of action. Aetna argues that although there is a split among the Superior Courts, the better reasoned view is that CUIPA does not provide for a private cause of action. In support of this argument Aetna cites General Statutes § 38a-817 and 38a-815 for the proposition that only the insurance commissioner is vested with the authority to bring a CUIPA cause of action, thus, the sixth count of BSB's amended complaint should be stricken.
This court, however, need not join the debate and add its weight to one opinion or the other. Our Supreme Court has held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations, provided the alleged conduct violates CUIPA. Mead v. Burns, supra, 199 Conn. 663. Accordingly, a plaintiff may state a CUTPA cause of action for the violation of CUIPA. Id.
Here, the sixth count of the complaint alleges that Aetna "has violated the provisions of C.G.S. Section 42-110b et seq. by committing unfair settlement practices and unfair deceptive practices in the business of insurance as prohibited by C.G.S. 38a-815 et seq." The complaint also alleges that Aetna committed unfair claim settlement practices as proscribed by General Statutes § 38a-816(6). The plaintiff has alleged a CUTPA claim for the alleged violation of CUIPA, as is permitted under Mead.
For the reasons stated herein, the motion for summary judgment is denied.
Martin, J. CT Page 12851