[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented by the defendants' motion for summary judgment is whether a listing agreement signed by the two partners of a partnership, but not by the partnership that owns the property, complies with General Statutes (Rev. to 1991) § 20-325a(b)(5). This court holds that it does not. Further, the listing agreement was not signed by an agent authorized pursuant to General Statutes § 47-5 to sign on the owner's behalf. For these reasons, the listing agreement is unenforcebale and the defendants are entitled to summary judgment.
The plaintiff's revised complaint alleges the following facts. The plaintiff, Levey Miller Maretz (LMM), is a real estate broker licensed in the state of Connecticut. The named defendant, 595 Corporate Circle (595 Partnership), is a Connecticut general partnership. 595 Partnership consists of two general CT Page 9387 partners, Charles E. Weber, Jr. and Alfred J. Secondino, Jr. Weber and Secondino are also defendants.
On April 23, 1991, LMM and 595 Partnership entered into a listing agreement, whereby LMM agreed to sell or lease property owned by 595 Partnership. Under this agreement, LMM had the exclusive right to sell, and the nonexclusive right to lease, property held by 595 Partnership for a commission. The listing agreement was signed by LMM and by Weber and Secondino in their individual capacities only.
During the term of the listing agreement, the property was leased to the Stop Shop Supermarket Company. The defendants, however, did not pay the plaintiff a commission.[1] The plaintiff filed an application for a prejudgment remedy which was denied by the court. The plaintiff then filed this action.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The court finds, and the parties agree, that there are no genuine issues of material fact. For purposes of this motion, the parties stipulate that there are no genuine issues of material fact with respect to the listing agreement. Both parties agree that the listing agreement was signed by LMM, Weber and Secondino, but that no signature appears on the listing agreement on behalf of 595 Partnership. Additionally, there is no dispute that Weber and Secondino have not executed any separate writing in accordance with General Statutes § 47-5, which would expressly evidence their authority to act as agents on behalf of the partnership. The only issue to be determined is one of law, whether the listing agreement, on its face, satisfies the applicable statutory requirement that listing agreements be signed by the "owner" of the subject property in order to be enforceable.
 I.
The plaintiff argues that any failure to have the listing agreement signed by the "owner" is cured by Public Act No. 94-240. The pertinent provisions of that Public Act are reproduced in the footnote.[2]
Public Act No. 94-240 eliminated the requirement that a property owner sign a listing agreement for the lease of property. It also provided that the failure of a listing CT Page 9388 agreement to comply with the requirements in subdivisions (2) to (6) of § 20-325a(b) did not prevent a licensee from recovering a commission if the licensee substantially complied with those provisions and if denial of a commission would be inequitable. "Because the events that form the basis of this action occurred prior to the amendment's effective date of July 1, 1994, however, we must apply the statute ln effect during that time." M.R. Wachob Co. v. MBM Partnership, 232 Conn. 645,647 n. 1, 656 A.2d 1036 (1995).
 II.
The listing agreement is dated April 23, 1991 and, therefore, General Statutes (Rev. to 1991) § 20-325a (b) is the applicable statute. General Statutes (Rev. to 1991) § 20-325a
provides in pertinent part "(b) no person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or any services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom the acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall . . . (5) be signed by the owner or an agent authorized to act to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent."
"It is well established that the requirements of § 20-325a(b) are mandatory rather than permissive and that the statute is to be strictly construed. New England Land Co. v. DeMarkey, [213 Conn. 612, 623, 569 A.2d 1098 (1990)] (listing agreement must include sale price of property); Jay Realty, Inc. v. AhearnDevelopment Corporation, 189 Conn. 52, 54, 453 A.2d 771 (1983) (listing agreement lacking addresses of both parties unenforceable); Thornton Real Estate, Inc. v. Lobdell,184 Conn. 228, 230-31, 439 A.2d 946 (1981) (brokerage contract signed by owner's agent unenforceable under the statute as then worded); Hosson v. Hudiakoff, 178 Conn. 381, 383, 423 A.2d 108
(1979) (failure to include broker's address fatal to listing agreement); Howland v. Schweir, 7 Conn. App. 709, 713-15,510 A.2d 215 (1986) (commission not recoverable where broker could not prove he produced a buyer during the effective term of listing agreement); Arruda Realty, Inc. v. Doyon,35 Conn. Sup. 617, 620, 410 A.2d 625, cert. denied, CT Page 9389176 Conn. 763, 394 A.2d 210 (1978) (owner's address requirement not satisfied even though the listing agreement included the address of the subject property, which was the same as the owner's address). A broker who does not follow the mandate of [§ 20-325a (b)] does so at his peril.' Thornton Real Estate, Inc. v. Lobdell, supra, [184 Conn.] 230-31." McCutcheon Burr, Inc. v. Berman, 218 Conn. 512,520, 590 A.2d 438 (1991).
The Connecticut Supreme Court has interpreted General Statutes (Rev. to 1991) § 20-325a(b) to require that the owner of the property interest in the property that is the subject of the listing agreement is required to sign the listing agreement. M.R. Wachob Co. v. MBM Partnership, supra,232 Conn. 663. Here, that owner was 595 Partnership.
Since, the property was recorded in the partnership's name, title and any leasehold estate to the partnership property could only be conveyed in the partnership name, 595 Partnership. General Statutes (Rev. to 1991) § 34-46 provided: "(1) All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property. . . . (3) Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name. . . ." (Emphasis added.) See General Statutes (Rev. to 1991) § 34-46. Moreover, any proceeds from the sale of the property would be paid directly to the partnership. Fidelity Trust Co. v. BVDAssociates, 196 Conn. 270, 282, 492 A.2d 180 (1985) (a partner's interest in the partnership is his share of the profits and surplus, and the partnership interest is personal property). Weber and Secondino's interests were in the proceeds acquired from the sale of the property, after the proceeds had been paid to the partnership and divided appropriately. Wheeler v. Polasek,21 Conn. App. 32, 34, 571 A.2d 129 (1990)("partnership realty is considered personalty with respect to an individual partner's rights therein"). Since, 595 Partnership owned the property interest in the property, not the individual general partners Weber and Secondino, 595 Partnership was required to sign the listing agreement pursuant to General Statutes (Rev. to 1991) § 20-325a(b).
The listing agreement does not reflect that anyone signed it on behalf of 595 Partnership. The plaintiff argues that a listing agreement signed by only one partner of the partnership, which owns the property interest in the property, is sufficient to CT Page 9390 satisfy the requirements of General Statutes (Rev. to 1991) §20-325a (b). The plaintiff's reliance on M.R. Wachob Co. v. MBMPartnership, supra, 232 Conn. 645, for this proposition is misplaced.
In M.R. Wachob Co. v. MBM Partnership, supra, 232 Conn. 645, the record owner of the subject property leased it to a lessee corporation. The lessee corporation was then bought by a third party. M.R. Wachob Co. v. MBM Partnership, supra, 232 Conn. 648. The third party entered into an agreement with the defendant, whereby the defendant agreed to undertake the lessee corporation's obligations under the original lease with the record owner. Id., The defendant then sought to sublease the subject property, and in an effort to do so, entered into a listing agreement with the plaintiff. Id., 650. The listing agreement gave the plaintiff the exclusive right to sublease the premises for a commission to be paid by the defendant. Id., The plaintiff then signed the listing agreement, and a partner of the defendant partnership also signed the listing agreement individually, and on behalf of the partnership. M.R. Wachob Co.v. MBM Partnership, supra, 232 Conn. 650. When the defendant failed to pay the plaintiff commissions due from the sublease of the property, the plaintiff brought suit. Id. 654.
In M.R. Wachob Co. v. MBM Partnership, the defendant argued that the listing agreement was unenforceable because it was not signed by the record owner of the property. The court disagreed and held that the defendant partnership was the owner of the property interest at issue in the listing agreement. The partnerships' signature was sufficient to satisfy § 20-325a(b), and the record owner's signature was unnecessary. SeeM.R. Wachob Co. v. MBM Partnership, supra, 232 Conn. 662-63.
Unlike the situation in M.R. Wachob Co. v. MBM Partnership, Weber and Secondino only signed the listing agreement in their individual capacities; neither signed on behalf of 595 Partnership. Without a signature on behalf of the partnership, there is no signature of the owner of the property interest as required by General Statutes (Rev. to 1991) § 20-325a(b).
Although Weber and Secondino were not the owners of the property interest in the property, their signatures still could have satisfied the requirements of General Statutes (Rev. to 1991) § 20-325a(b), had they signed the listing agreement as properly authorized agents of the partnership. Pursuant to CT Page 9391 General Statutes § 20-325a(b)(5), agents may sign a listing agreement on behalf of an owner if there is a separate writing that has been executed pursuant to General Statutes § 47-5
authorizing the agent to do so. However, no such writing exists.
The plaintiff argues that McCutcheon Burr, Inc. v. Berman, explicitly recognizes that General Statutes (Rev. to 1991) § 34-47 prevents the defendants from claiming a lack of authority to sign the listing agreement. See McCutcheon Burr, Inc. v.Berman, supra, 218 Conn. 522. General Statutes (Rev. to 1991) § 34-47, entitled Actions of Partners, provides in pertinent part: "(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership. . . ." The plaintiff misreads McCutcheon Burr, which explicitly rejected this argument. Id., 522.[3] The specific requirements of General Statutes (Rev. to 1991) §20-325a (b) take precedence over the general provision of General Statutes (Rev. to 1991) § 34-47. Id.
Because the signature of the owner of the property interest, 595 Partnership, does not appear on the listing agreement, the agreement fails to comply with the ownership signature requirement of General Statutes (Rev. to 1991) § 20-325a (b) (5). Moreover, the lack of a separate writing, pursuant to General Statutes § 47-5, authorizing Weber and Secondino to sign the listing agreement as agents of 595 Partnership, renders their signatures on the listing agreement ineffective to bind the partnership. The listing agreement fails to comply with the strictly enforced requirements of General Statutes (Rev. to 1991) § 20-325a(b) and is therefore unenforceable.
The defendants' motion for summary judgment is granted.
BY THE COURT 
Bruce L. LevinJudge of the Superior Court